**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD E. PHILIPPI, Jr.,

          Plaintiff - Appellant,

  v.

VALAREE OLIVAS; et al.,

          Defendants - Appellees.

No. 13-16990

D.C. No. 3:11-cv-00272-LRH-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

    Donald E. Philippi, Jr., a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by confiscating his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross motions for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009). We affirm.

Summary judgment for defendants on Philippi's due process claim was proper because Philippi failed to raise a genuine dispute of material fact as to whether defendants did not provide him with the process that he was due in connection with the confiscation of property that he possessed in violation of prison regulations. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (due process must be provided when a state procedure causes the deprivation of a property right). Moreover, to the extent that the confiscation was an unauthorized intentional deprivation of property, the district court properly granted summary judgment for defendants because an adequate post-deprivation remedy exists under Nevada state law. *See* Nev. Rev. Stat. §§ 41.031, 41.0322, 209.243; *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ("negligent or intentional deprivation of a prisoner's property is not cognizable under § 1983 if the state has an adequate post deprivation remedy").

The district court did not abuse its discretion in denying Philippi's further discovery requests, which Philippi made after a dispositive motion had been fully

13-16990

briefed. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (setting forth standard of review); *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (additional discovery is only proper if movant diligently pursued previous discovery opportunities and files a declaration showing how allowing additional discovery would preclude summary judgment).

The district court did not abuse its discretion by concluding that many of Philippi's exhibits were irrelevant to the issues before the court. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (standard of review for district court's rulings concerning evidence in a summary judgment motion; district court must be affirmed "unless its evidentiary ruling was manifestly erroneous and prejudicial").

Because Philippi states in his "Motion to Inform," filed on March 25, 2014, that he no longer challenges the district court's dismissal of his claims alleging violations of the Religious Land Use and Institutionalized Persons Act and the First Amendment, we do not address any arguments concerning those claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We grant in part and deny in part defendants' motion to strike, filed on April

13-16990

16, 2014. To the extent that defendants seek to strike Philippi's "Supplement to the Opening Brief" and "Addendum" thereto, the motion is granted. To the extent that defendants seek to strike Philippi's "Motion to Inform the Court," the motion is denied.

We treat Philippi's reply brief, filed on June 16, 2014, and "Addendum to Appellants Optional Reply Brief," received June 19, 2014, as one complete reply brief. The Clerk shall file Philippi's "Addendum to Appellants Optional Reply Brief," received on June 19, 2014.

**AFFIRMED.**